IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Dade Division)

| | |
|---|---|
| ALEXANDER RUDNITSKY<br><br>  Plaintiff<br>  (resident of Florida)<br><br>  v.<br><br>INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA INC.<br>  (a State of New York corporation)'<br><br>LYUBLYANA K. TURIY, aka LYUBLYANA TURIY, aka LUBA K. TURIY, aka L.K. TURIY<br><br>  Defendants. | ACTION No. 1:25-cv-25063-BB<br><br>**AMENDED MOTION (EMERGENCY) OF PLAINTIFF ALEXANDER RUDNITSKY FOR TEMPORARY RESTRAINING ORDER**<br><br>**AGAINST DEFENDANTS' PROHIBITING PLAINTIFF FROM PARTICIPATING IN U.S. CHAMPIONSHIP**<br><br>(U.S. CHAMPIONSHIP IN CHECHERS MIAMI BEACH, ON NOVEMBER 21-30, 2025) |

Plaintiff Alexander Rudnitsky, by and through his undersigned attorney, respectfully amends his Motion for a Temporary Restraining Order, Dkt 6, and resubmits the application for the TRO.

The amendment is warranted because Rudnitsky requests that the Court consider the other 9 Counts, causes of action, cited in the Verified Complaint, which were not considered in the Order of November 14, 2025.

The Court's Order stated: "Because Plaintiff only cites his antitrust claim as the basis for the TRO, the Court analyzes the substantial likelihood of success on that claim." Order, Dkt 11.

Instead, the Motion was based on all ten Counts in the Verified Complaint. The Motion stated: "The Verified Complaint in this action, Dkt 1, is incorporated herewith by reference (with Exhibits A to L)." The Verified Complaint stated 10 Counts.

Rudnitsky's Motion cited the Sherman Act only once, and it never stated that this was the sole basis for the application for the TRO. Namely, in that only instance, the Motion stated:

"The ban by ICAONA of Rudnitsky from participating in the tournament falls, inter alia, under the Antitrust Sherman Act prohibition and numerous other statutory provisions, and is likely unprecedented in the world of competitive checkers games in the U.S. International checkers organizations have already rejected it." Ibid., Motion, p. 2, Dkt 6.

The language "**inter alia**" is clear that it was just one of the bases, not one.

The Proposed Order is clear that Rudnitsky never mentioned the Sherman Act; instead referred to the entire Verified Complaint with Exhibits A-L.

The Motion stated: "The proposed TRO text is annexed," meaning that the basis for relief was intended to be stated there. Mtn, p.  Of course, there was not a word about the Sherman Act.

Specifically, the Proposed Order reads:

"…having reviewed **the record, the Verified Complaint with exhibits, as well as the counsel's Declaration with exhibits**, the Court rules as follows.

The relief sought by Alexander Rudnitsky, who has shown that he is a 5-time U.S. Champion in checkers, is narrow: to order the defendants not to exclude him from participating in the forthcoming U.S. Championship to be held in Miami Beach, Florida, on November 21-30, 2025, to which he is otherwise entitled.

The Affidavit of Rudnitsky satisfies the requirements for the issuance of the Temporary Restraining Order. The record shows that the World Draughts Federation, in which the International Checkers Association of North America Inc. is a member, has not approved or endorsed the prohibitions imposed by that Association upon Rudnitsky to play in a tournament under the ultimate auspices of the World Draughts Federation.

As a matter of first impression, it is unusual or suspect when a participant, recognized by the international sports organization, is banned from competing in the U.S. Championship. The Court does not see any cognizable harm to the Defendants if a recognized player participates in the forthcoming U.S. Championship in Miami Beach, Florida.

Rudnitsky has shown that he has made attempts to inform the Defendants, through his attorney, of the action, repeatedly attempting formal service, and has informed them of the Motion for Temporary Order prior to its filing.

Accordingly, the Motion for Temporary Restraining Order is GRANTED.

The Defendants are ORDERED not to prohibit Alexander Rudnitsky's participation in the U.S. Championship to be held in Miami Beach, Florida, on November 21-30, 2025." Dkt 6-1.

While Count VI in the context of the TRO application has been considered, the Court is requested to address all other 9 Counts that were relied on in the Verified Complaint, which is annexed herewith, as the basis for TRO. Namely, the Court should adjudicate the application for the TRO under any of the Counts other than Count VI. To cite those Counts, not considered:

   I.    DEFAMATION
   ii.   INTERFERENCE WITH BENEFICIAL RELATIONSHIP
   iii.  BREACH OF FIDUCIARY DUTIES
   iv.   FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES, St. 501.201-213.
   v.    CIVIL CONSPIRACY
   vii.  BREACH OF CONTRACT; VIOLATION OF MEMBER'S RIGHTS;
   viii. DECLARATORY RELIEF
   ix.   INJUNCTIVE RELIEF
   x.    SEVERE EMOTIONAL DISTRESS

The remainder of the original Motion, particularly the case law citation, is incorporated by reference without repeating it. In particular, all record of the submission on October 10, 2025, Dkt

6, is referred to and incorporated by reference, without refiling documents, including Exhibits to two Affidavits filed on that day.

Furthermore, since the Motion was filed on October 10, 2025, additional events have occurred and additional documents have become available.  The Supplemental Affidavit of Alexander Rudnitsky covers those.  New evidence, in itself, justifies the Court's consideration of the Amended Motion.

Furthermore, Rudnitsky's Supplemental Affidavit submitted new evidence.

Exhibit #10 showed a Memorandum in the name of ICAONA Memorandum, by a lay person, dated November 11, 2025, addressed to my attorney.  That Memorandum essentially blackmailed Rudnitsky to continuously ban him unless he waived the adjudication by the Court: "3. *"…As a condition precedent to reinstatement, Mr. Rudnitsky shall withdraw all complaints… Civil Case No. 1:25-cv-25063-BB, which shall be dismissed with prejudice within one business day following written acceptance of this agreement*."  ICAONA's Memorandum further required to waive any future claims: "*He [Rudnitsky] shall further agree not to initiate or support any new complaints or actions concerning any matter arising before the date of this memorandum. Any recurrence will automatically void reinstatement*."

It is axiomatic that ICAONA's demand to forfeit present and even future potential claims is contrary to the basics of the law, where the doors are open to an aggrieved person.  Paragraph 5 can be interpreted as ICAONA asserting a monopoly in the U.S. checkers competitions.

All of these demands are unlawful because the FMJD Ethics Committee Decision on October 1, 2025, overruled ICAONA and Rudnitsky's disqualification by ICAONA, reaffirming Rudnitsky's right to participate in FMJD tournaments, including the 2025 U.S. Championship, as well as the Committee's Report to the delegates of the 41st General Assembly.

Rudnitsky's Affidavit also submits Defendant Turiy's letter to FMJD of November 14, 2025, copied to Rudnitsky, which may be interpreted as blackmail. Exh. 11. In addition to the demand to waive Rudnitsky's rights as a plaintiff in the Court, Ms. Turily threatened to continue banning him from the checkers tournaments. To quote: "…the legal procedure in the USA can take years, 2–3 at least. Even if we assume that Alexander will ultimately receive a financial settlement in his favor, he will lose the precious time and opportunity to compete in official competitions, which, for me, as a player myself, cannot be substituted by money. I hope that he will realize it and will make the right decision by Monday."

Thus, the Defendants admitted that here, the request for a TRO is based <u>on irreparable damage that cannot be compensated in money</u>. Aff., Para 15, Exh. 11. To quote Rudnitsky's Affidavit: "16… I have been subjected to blackmail where my exclusion from the U.S. Championship results in the loss of a unique opportunity to compete. This loss cannot be compensated for by money."

Accordingly, the Amended Motion should be granted, and the TRO should be issued based on any of the 9 causes of action in the Verified Complaint, not addressed in the Order of denial, and new evidence since the original Motion was filed.

Dated: November 16, 2025

Respectfully submitted,

                                                                                                                      _____/signed George Lambert/
George Lambert, Esq.
The Lambert Law Firm
FL bar 1022697
421 Poinciana Drive, #1422,
Sunny Isles Beach, FL 33171;
Email: office.law.323@gmail.com
Tel. (305) 938 0710
Attorney for Plaintiff Alexander Rudnitsky