**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ALEXANDER RUDNITSKY**,

CASE NUMBER: 1:25-cv-25063-BB

Plaintiff,

v.

**INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA, INC.**, and
**LYUBLYANA K. TURIY**,
Defendants.
_______________________________________/

**DEFENDANTS' MOTION TO DISMISS VERIFIED COMPLAINT**

Defendants, International Checkers Association of North America, Inc., (hereinafter referred to as "ICAONA") and Lyublyana K. Turiy (hereinafter referred to as "Turiy"), through undersigned counsel, move to dismiss Plaintiff's Verified Complaint in its entirety and in support thereof state as follows:

## I. INTRODUCTION

Plaintiff's 120-page Verified Complaint violates the Federal Rules of Civil Procedure 8 and 10. It improperly incorporates over 70 paragraphs of "Facts" into every count, asserts ten (10) causes of action, many of which are improperly pled, or based on conclusory accusations, and attempts to convert a private nonprofit membership dispute into federal litigation under defamation, FDUTPA, civil conspiracy, and even the Sherman Act. Plaintiff's Verified Complaint falls squarely within this prohibited category. It spans more than 120 pages, incorporates 71 factual paragraphs into every one of the ten counts, mixes legal theories and narratives, and forces Defendants to guess which factual allegations relate to which cause of action. This lack of clarity and improper structure directly violates Federal Rules of Civil Procedure Rules 8 and 10.

Furthermore, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations... a plaintiff's obligation to provide the 'grounds' of his ' entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2000). When a plaintiff" [has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.

"In considering a motion to dismiss, a court is generally limited to the four corners of the complaint." Laspro Consultores LIDA v. Alinia Corp. (In re Massa Falida Do Banco Cruzeiro Do Sul S.A.), 567 B.R. 212, 219 (Bankr. S.D. Fla. 2017) (citation omitted). "However, there are certain exceptions." Id. "[A] court may also consider attachments to the complaint and matters of public record." Id. "Furthermore, the Eleventh Circuit has adopted the 'incorporation by reference' doctrine." Id. (citation omitted). "As a consequence, a court may consider a document that is not attached to the complaint if the document is central to the plaintiff's claim and its authenticity is undisputed." Id.

## I. This Court Lacks Subject Matter Jurisdiction

Plaintiff invokes both diversity and federal question jurisdiction, but neither basis is legally supported.

### A. Diversity jurisdiction is not satisfied

Plaintiff’s claimed damages are speculative, conclusory, and in many categories not legally recoverable, making them insufficient to support the amount-in-controversy

requirement. "Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins., Co., 31 F.3d 1092, 1095 (11th Cir. 1994). To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.

Plaintiff's alleged damages include reputational injury, lost business opportunities, and other consequential damages arising from ICAONA's unlawful actions; these alleged damages are not measurable with legal certainty and cannot satisfy the jurisdictional threshold. See ¶ 1 of Plaintiff's Prayers for Relief. When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy. See, e.g., Laughlin v. K- Mart Corp., 50 F.3d 871, 873-74 (10th Cir. 1995); see also Meritcare, Inc. v. St. Paul Mercury, Inc., 166 F.3d 214, 218 (3d Cir. 1999) ("[I]f it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the District Court cannot stand.").

**B. The Sherman Act cannot Confer Federal Question Jurisdiction**

Federal question jurisdiction requires a plausible federal claim. A claim that is "wholly insubstantial," "frivolous," or "implausible" cannot create federal question jurisdiction under 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 682–83 (1946).

Plaintiff's Sherman Act allegations do not meet even the minimal plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Complaint alleges no relevant market, no market power, and no antitrust injury, all indispensable elements. Even more importantly, this Court has already ruled that Plaintiff lacks standing to sue under the Sherman Act, and that ruling is dispositive as to subject-matter jurisdiction. The Court found as follows:

> *Count VI of the Complaint alleges the International Checkers Association of North America's actions constitute "unlawful restraints on trade and exclusionary conduct under [F]ederal antitrust law." ECF No. [1] ¶ 160. Plaintiff contends "The Sherman Act permits a private cause of action, allowing private parties to sue for damages or seek injunctive relief when antitrust violations harm them". ¶ 175 of Plaintiff's Complaint. However, Plaintiff is mistaken. The Sherman Act does not alone create a private right of action. See Location 24, LLC v. Drs. Same Day Surgery Ctr., Inc., No. 8:22-CV-150-VMC-MRM, 2023 WL 2931458, at *4 (M.D. Fla. Jan. 18, 2023). The Sherman Act itself establishes substantive prohibitions against anticompetitive conduct, such as contracts or conspiracies in restraint of trade and monopolization but does not contain language authorizing private individuals to sue for damages or injunctive relief. 15 U.S.C. §§ 1, 2. Absent standing, the Plaintiff cannot demonstrate a likelihood of success sufficient to justify the issuance of a TRO.* **See Docket Index No. 11.**

Where standing is absent, the Court has no jurisdiction, and the claim must be dismissed under Rule 12(b)(1). Because Plaintiff's Sherman Act count is jurisdictionally deficient and cannot support federal question jurisdiction, and because diversity is unsupported, the Complaint must be dismissed for lack of subject-matter jurisdiction.

## II. Lack of Personal Jurisdiction Over Defendant Turiy

Determining whether a Florida court can exercise personal jurisdiction over a nonresident defendant requires a two-step inquiry: (1) whether the complaint alleges sufficient facts to support the exercise of jurisdiction under the long-arm statute; and (2) whether the defendant has sufficient

minimum contacts with the state to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 500–02 (Fla. 1989); Astro Aluminum Treating Co., Inc. v. Inter Contal, Inc., 296 So. 3d 462, 464 (Fla. 4th DCA 2020).

Plaintiff alleges that Turiy resides in New York and was "the driving force" behind decisions that Plaintiff disagreed with. However, conclusory allegations of harm felt in Florida do not establish personal jurisdiction. The Eleventh Circuit is clear that a plaintiff must allege specific acts by the defendant purposefully directed at the forum state. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013). To satisfy due process, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend ***89** 'traditional notions of fair play and substantial justice.' " Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations omitted). Put differently, the defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (citations omitted). Due process is satisfied if a defendant has "purposefully directed" his activities toward residents of the forum state and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King* Corp. v. Rudzewicz, 471 U.S. 462, 472–73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted).

Here the Plaintiff does not allege any conduct by Turiy occurring in Florida; does not allege any tortious conduct committed in Florida; nor does Plaintiff allege that Turiy purposefully availed herself of the Florida forum. Because Plaintiff alleges no Florida conduct by Turiy, personal jurisdiction is lacking, and all claims against her must be dismissed under Rule 12(b)(2).

## III. Venue is Improper

Venue is proper only in a judicial district where (1) any defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant is subject to personal jurisdiction if no other district is available. 28 U.S.C. § 1391(b). None of these requirements are satisfied here. ICAONA is headquartered in New York, and Defendant Turiy is a resident of New York. The Complaint itself alleges that the decisions, communications, and actions at issue all occurred in New York, not in Florida, and Plaintiff identifies no conduct by any Defendant occurring within the Southern District of Florida. Venue cannot be based solely on the plaintiff's residence or on the alleged effects of out-of-state conduct. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371–72 (11th Cir. 2003) (explaining that the relevant "events" for venue purposes are those that actually give rise to the claim, not where the plaintiff feels the impact). Because all relevant conduct occurred in New York and both Defendants reside there, venue in the Southern District of Florida is improper and dismissal under.

## IV. Failure to State a Cause of Action as to Remaining Counts

### A. Defamation

Plaintiff's defamation claim fails because he does not identify any alleged defamatory statement with the specificity required under Florida law. Instead of quoting the actual words used, identifying the speaker, or specifying when, where, or to whom the statements were made, Plaintiff relies on broad characterizations of "letters" or "communications" purportedly sent to FMJD. Florida law is clear that a plaintiff must plead the exact words alleged to be defamatory, the speaker, the recipient, the date, and an explanation of why the statement is false. Defamation, encompassing the torts libel and slander, is "a false and unprivileged publication of unfounded statements that injure a

person." Delacruz v. Peninsula State Bank, 221 So. 2d 772, 775 (Fla. 2d DCA 1969). This case presents a claim of qualified or conditional privilege, two terms which refer to the same thing. The privilege has been defined broadly: A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation. The privilege exists at common law in recognition of the need to balance two interests: "the right of the individual, on one hand, to enjoy a reputation unimpaired by defamatory attacks, and, on the other hand, the necessity, in the public interest, of a free and full disclosure of facts." Fridovich v. Fridovich, 598 So. 2d 65, 68 (Fla. 1992) (citation omitted); see also, Leonard v. Wilson, 150 Fla. 503, 8 So. 2d 12, 13 (1942) (explaining qualified privilege "cannot be restricted to the utterances or writings of any particular class or group, but, on the contrary, may be invoked by all persons who publish defamatory matter without malice and in furtherance of the welfare of society, generally, or of the legitimate interests of particular groups or individuals") (citation omitted). Harris v. Plapp, 386 So. 3d 185, 189 (Fla. 1st DCA 2022).

Because Plaintiff fails to allege the statements with specificity and because the alleged communications fall within privileged organizational contexts and consist of non-actionable opinion, Count I must be dismissed.

**B. Tortious Interference**

The tortious interference claim also fails. The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under

which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform. E.g., Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 385 (Fla. 4th DCA 1999); Restatement (Second) of Torts § 766 (1979). Seminole Tribe of Florida v. Times Pub. Co., Inc., 780 So. 2d 310, 315 (Fla. 4th DCA 2001.

Here, Plaintiff claims interference with vague groups such as “sponsors,” “players,” “coaches,” or “tournament participants,” without naming a single individual, contract, or third-party commitment. See ¶ 96 of Plaintiff’s Complaint. Plaintiff also fails to identify any existence of a business relationship between the plaintiff and a third person, nor an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform. Plaintiff alleges: CAONA’s interference was both intentional and unjustified. On November 13, 2024, Turiy accused Rudnitsky of “forgery of signatures,” “fraud,” and “falsification and deception” in a letter to FMJD, yet fails to attach or reference as an Exhibit the alleged letter to FMJD. See ¶ 97 of Plaintiff’s Complaint. Even through Plaintiff’s own allegation, Plaintiff states: *Although the tournament was later restored to the calendar, ICAONA’s actions and Ms. Turiy’s correspondence caused immediate reputational and financial harm. The FMJD President even suggested in January 2025 that the Executive Council could approve the tournament as a World Cup stage without ICAONA’s consent*. See ¶102.

The Plaintiff’s Paragraphs contradict one another as it relates to the business interference and is unclear as to what the alleged business interference is, what the alleged business

damage was and fails to plead a short plain statement of fact, instead goes on about different alleged dates and facts that are not relevant to stating a cause of action.

**C. Breach of Fiduciary Duty**

To state a cause of action for Breach of Fiduciary Duty Plaintiff must allege: 1) existence of a fiduciary duty; 2) a breach of that duty; and 3) damage proximately caused by that duty. Sola v. Markel, 320 So. 3d 326, 328 (Fla. 5th DCA 2021). See also, Brouwer v. Wyndham Vacation Resorts, Inc., 336 So. 3d 372, 373 (Fla. 5th DCA 2022). The count has an array of allegations, but all fail to state a cause of action as outlined above.

**D. Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")**

Plaintiff's FDUTPA claim fails because the allegations concern a nonprofit's internal membership decisions, which do not constitute "trade or commerce" under the statute. FDUTPA applies only to commercial conduct involving the sale or distribution of goods or services. Fla. Stat. § 501.203(8The Florida Deceptive and Unfair Trade Practices Act is intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). See also Delgado v. J.W. Courtesy Pontiac GMC–Truck, Inc., 693 So.2d 602, 605–06 (Fla. 2d DCA 1997) (discussing the purpose of FDUTPA in light of its legislative history). A claim under FDUTPA has three elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. Cohen v. Implant Innovations, Inc., 259 F.R.D. 617 (S.D.Fla.2008) (citing Rollins, Inc. v. Butland, 951 So.2d 860 (Fla. 2d DCA 2006)). The conduct considered to be a deceptive or unfair for the purposes of a FDUTPA claim may be defined by "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair

methods of competition, or unfair, deceptive or unconscionable acts or practices."[2] Fla. Stat. § 501.203(3)(c). Plaintiff challenges ICAONA's internal decisions about eligibility, membership, and tournament policies, none of which involve the sale of goods or services to consumers. Because FDUTPA does not apply to nonprofit governance or internal disciplinary actions, Count IV fails as a matter of law.

**E. Civil Conspiracy**

A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy. See Florida Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam County, 616 So.2d 562, 565 (Fla. 5th DCA 1993); Nicholson v. Kellin, 481 So.2d 931, 935 (Fla. 5th DCA 1985). Additionally, an actionable conspiracy requires an actionable underlying tort or wrong. See Florida Fern Growers, 616 So.2d at 565; *Wright v. Yurko,* 446 So.2d 1162, 1165 (Fla. 5th DCA 1984). Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997)

Because Plaintiff has failed to state a cause of action for any of the potential underlying torts, defamation, tortious interference, FDUTPA, or breach of fiduciary duty, Plaintiff's conspiracy count also fails and must be dismissed.

**F. Sherman Act (Antitrust)**

This Court has found that the Plaintiff fails to establish standing to bring a cause of action under the Sherman Act for purposes of obtaining a Temporary Injunction. See Document Index Number 11. Similarly, the Complaint fails to establish a cause of action

under the Sherman Act. The Sherman Act does not alone create a private right of action. See Location 24, LLC v. Drs. Same Day Surgery Ctr., Inc., No. 8:22-CV-150-VMC-MRM, 2023 WL 2931458, at *4 (M.D. Fla. Jan. 18, 2023). The Sherman Act itself establishes substantive prohibitions against anticompetitive conduct, such as contracts or conspiracies in restraint of trade and monopolization but does not contain language authorizing private individuals to sue for damages or injunctive relief. 15 U.S.C. §§ 1, 2. Here, the Plaintiff has failed to provide any allegations to entitle Plaintiff to bring this private cause of action.

**G. Breach of Contract / Violation of Member's Rights**

Plaintiff's breach of contract claim fails because he does not identify any specific contract, its essential terms, or how Defendants allegedly breached it. Florida law requires a plaintiff to plead the existence of a valid contract, a material breach, and resulting damages. Organizational bylaws do not automatically constitute enforceable contracts between a nonprofit and its members, and internal disciplinary decisions do not give rise to contract damages in federal court absent a clear contractual obligation. Because Plaintiff identifies no contract at all, let alone a breached term, Count VII fails.

Dated: December 15, 2025

Respectfully submitted,

By: /s/ Ray Garcia

Ray Garcia
FBN: 011580
Email: RGarcia@raygarcialaw.com
**Law Office of Ray Garcia, P.A.**
*Attorney for Defendants*
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Fax: (305) 223-9811

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ray Garcia
Ray Garcia
Fla. Bar No. 115850