**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALEXANDER RUDNITSKY<br><br>Plaintiff<br>(resident of Florida)<br><br>v.<br><br>INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA INC.<br>(a State of New York corporation).<br><br>LYUBLYANA K. TURIY, aka LYUBLYANA TURIY, aka LUBA K. TURIY, aka L.K. TURIY<br><br>Defendants. | ACTION No. 1:25-cv-25063-BB<br><br>**F.R.Civ.P. RULE 56** |

**PLAINTIFF ALEXANDER RUDNITSKY'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA, INC.**

Plaintiff, Alexander Rudnitsky ("Rudnitsky"), moves for summary judgment (summary judgment) against Defendant International Checkers Association of North America, Inc. ("ICAONA") pursuant to Federal Rule of Civil Procedure 56 (Federal Rule of Civil Procedure 56), based on the fact that ICAONA failed to respond to Requests for Admissions (Requests for Admissions) served by Plaintiff pursuant to Rule 36 (Rule 36) on February 16, 2026, which results in those facts being deemed and as a matter of law confirms the absence of any genuine dispute of material fact). Rudnitsky asserts the entitlement to summary judgment on 9 Counts in the Complaint (all stated Counts except for the Count based on Breach of Contract).

## INTRODUCTION.

The unanswered Requests for Admissions and the Plaintiff's Statement of Material Facts are annexed to the present Motion. The Objection of Defendant Lyublyana Turiy also supports the Motion to the Report and Recommendation of the U.S. Magistrate Judge on May 6, 2026, Dkt 41. In contrast, Defendant ICAONA failed or was unable to object to the R&R, which established that 9 of 10 Counts were properly pleaded against ICAONA. ICAONA's failure to object establishes that the claims were properly pleaded, and the facts were established under Rule 36.

This case concerns the actions of Defendant ICAONA, carried out through its officers and representatives, including Executive Director L. Turiy, as the primary driving force of the company against Rudnitsky, and ICAONA President R. Azimula, who jointly coordinated and implemented interrelated decisions and measures, including disciplinary measures and exclusionary practices, resulting in Plaintiff's disqualification and his deprivation of the opportunity to participate in the 2025 U.S. Championship, as well as other discriminatory and exclusionary actions affecting his professional, organizational, and membership activities.

This motion is not based on disputed facts. On the contrary, all material facts in this case are deemed admitted by Defendant itself pursuant to Rule 36, as a result of its complete failure to respond to Requests for Admissions. Thus, in this case, there is, as a matter of law, **no factual dispute subject to trial**, and the case may be resolved solely as a matter of law.

Plaintiff served ICAONA with Rule 36 Requests for Admissions (Rule 36 Requests for Admissions) on February 16, 2026. ICAONA did not respond within the prescribed time, as a result of which those facts are deemed admitted pursuant to Rule 36(a)(3) (deemed admitted by operation of Rule 36(a)(3)). These admissions conclusively establish the key, outcome-determinative facts and

confirm Plaintiff's entitlement to judgment as a matter of law (entitlement to judgment as a matter of law).

In context, ICAONA also failed to respond to Requests for Production of Documents, producing 0 pages, although Rudnitsky does not rely on that failure as a basis for relief under Rule 56.[1]

The total number of Requests for Admissions is 543. These requests are detailed and logically structured, ensuring comprehensive coverage of all factual issues in the case — from A to Z. These requests are relevant and include ICAONA's admissions of liability on all 10 counts asserted in the Verified Complaint (Exhibit 044).

## 1. RELEVANT PROCEDURAL HISTORY

The Court established discovery procedures (discovery procedures), confirming that discovery would be conducted in accordance with the Federal Rules of Civil Procedure and the Court's directives for the purpose of facilitating the resolution of this case.

The Court entered an Order Setting Discovery Procedures on January 8, 2026, governing all matters of pretrial discovery in this case.

The Court also scheduled a discovery status conference. It required the parties to submit a report on the status of discovery, including information regarding requests served and responses received within the established discovery period.

[1] Requests for Production (RFP) were served in three sets, dated January 20, January 31, and February 6, 2026, with response deadlines that expired on February 19, March 2, and March 8, 2025, respectively. This conduct further confirms the absence of any evidence on the part of the Defendant capable of rebutting the admitted facts. It underscores that Defendant deliberately refused to participate in discovery in this case. ICAONA also did not serve a single discovery request (discovery requests). Such conduct reflects a pattern of behavior by ICAONA. However, the determinative factor is ICAONA's complete failure to fulfill its obligations under Rule 36, as a result of which all material facts are deemed admitted, which in itself constitutes a sufficient basis for the entry of summary judgment.

By separate Order dated January 8, 2026, the Court scheduled a final discovery status conference for July 1, 2026. It required the parties to submit a joint discovery status report by June 24, 2025, which must include, inter alia, information regarding requests served by each party and whether responses were provided.

Plaintiff served ICAONA with Requests for Admissions pursuant to Rule 36 on February 16, 2026. Plaintiff's first set of Requests (Rule 36 Requests for Admissions, Set One) was properly served on ICAONA on February 16, 2026, through its counsel, as reflected in the certificate of service.

**2. LEGAL STANDARD. BASIS FOR CONCLUSION ON FACTS.**

In this case, the application of Rule 36 is determinative. Because ICAONA failed to respond to the Requests for Admissions, all material facts are deemed conclusively established, and the Court should deem facts admitted in its ruling on this motion.

Pursuant to F.R.Civ.P. 36, a party that fails to respond to Requests for Admissions within 30 days is deemed to have admitted each requested fact, and such admissions are conclusively established as a matter of law. Admissions arising under Rule 36 have the same legal force as facts established by the Court and require no additional proof. The Eleventh Circuit consistently holds that facts deemed admitted under Rule 36 may, by themselves, serve as a basis for entry of summary judgment pursuant to Rule 56. Courts in this Circuit treat unanswered or untimely responses to Requests for Admissions as legally binding. A party may not rebut such admissions at the summary judgment stage through contradictory affidavits (written, sworn statements) or other evidence. Although the responding party may move to withdraw or amend admissions pursuant to Rule 36(b), the Eleventh Circuit applies a two-prong test requiring the movant to demonstrate that (1) withdrawal would promote the presentation of the merits, and (2) the opposing party would not suffer prejudice

in maintaining its position. Where the opposing party fails to satisfy both conditions—or fails to file a proper motion for withdrawal—the admissions remain binding. They are fully sufficient for the entry of summary judgment.

The basis for any motion for summary judgment grounded in admissions is Rule 36 itself. Rule 36(a)(3) provides that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves a written answer or objection signed by the party or its attorney." Rule 36(b) further provides that once admitted, "a matter is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." This mechanism is self-executing (self-executing — does not require a separate court ruling). The Rule is "designed to expedite the trial and allows the party receiving admissions to rely on their binding effect." See *U.S. v. 2204 Barbara Lane*, 960 F.2d 126 (1992).

The Eleventh Circuit has consistently applied these principles for decades. Ibid, *Barbara Lane*, the court affirmed summary judgment in favor of the plaintiff, stating that the failure to respond "conclusively established that the defendant used the property to facilitate illegal drug transactions." The court noted that the defendant "had the opportunity to respond or object to the requests timely and to pursue discovery before trial, but his silence conclusively established the Government's position." The unanswered requests became "admissions on file" within the meaning of Rule 56.

Similarly, in *Stubbs v. Commissioner of I.R.S.,* 797 F.2d 936 (1986), the Eleventh Circuit affirmed summary judgment against a taxpayer who failed to respond to requests for admissions. The court stated that "the facts deemed admitted by Stubbs established his liability for the assessed taxes and penalties as a matter of law." This decision confirms that admitted facts not only satisfy the evidentiary burden — they themselves establish a party's entitlement without additional proof.

Courts within this Circuit regularly follow this rule. As stated in *National Fire & Marine Insurance Company v. Wells*, 301 F. Supp. 3d 1082 (2018), "courts in this Circuit typically treat unanswered or untimely responses as conclusively established admissions." Rule 36(a)(3) "automatically deems" facts admitted, and the court granted summary judgment in favor of the insurer on all coverage claims. In *Garmley v. Cochran*, 651 Fed. Appx. 933 (2016), the Eleventh Circuit again confirmed: "We have previously held that a failure to respond to requests for admissions results in those matters being admitted, and we see no reason to depart from that rule." The court expressly stated: "Because Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be rebutted at the summary judgment stage by contradictory affidavits or other evidence." A trial court commits reversible error if it disregards facts conclusively established on admissions, even if it considers other evidence more persuasive.

Once a fact is deemed admitted pursuant to Rule 36, it is conclusively established, and its binding effect applies both to the opposing party and to the Court itself. The Eleventh Circuit expressly stated this in *Williams v. City of Dothan, Ala*., 818 F.2d 755 (1987), holding that after facts are conclusively established, the court "is not free to disregard that 'conclusively established' fact, even if it finds the evidence of the party against whom the admission operates more persuasive." The court emphasized that an admission retains its force regardless of subsequent explanations by the party, because "this does not alter the conclusiveness of the admission," and such an admission cannot be withdrawn without a formal motion to withdraw or amend.

Applying Eleventh Circuit precedent, the court in *Hicks v. Mercedes-Benz U.S. International, Inc*., 877 F. Supp. 2d 1161 (2012), held that it "may not ignore facts conclusively established by Rule 36 admissions, even if it finds the opposing party's evidence more persuasive." See also *Hicks* (citing *Williams v. City of Dothan*, 818 F.2d 755, 762 (11th Cir. 1987)). Critically, such admissions cannot

be rebutted at the summary judgment stage by contradictory affidavits or other evidence. The cited case law uniformly confirms that where a party fails to respond to Requests for Admissions, the court not only may but must treat such facts as established, and that where those facts are sufficient to establish the elements of a claim, summary judgment must be entered. Accordingly, where admissions fully encompass the material facts of the case, there is no factual dispute for trial, and the case must be resolved on summary judgment.

**3. UNDISPUTED MATERIAL FACTS ESTABLISHED BY ADMISSIONS.**

Since ICAONA did not respond to Plaintiff's Requests for Admissions, each stated fact is deemed admitted pursuant to Rule 36(a)(3). The following categories of facts, among others, are established by these admissions and eliminate the existence of any genuine dispute of material fact:

A. Corporate status of ICAONA, bylaws history, and 2025 amendments

ICAONA admitted the adoption of amendments to its bylaws in April 2025, including the introduction of Article 4.1(b)(iii), which did not exist in the 2002 bylaws. Admit Nos. 15–19; 27–31; 167; 173;

ICAONA applied Article 4.1(b)(iii) after April 5, 2025, and used it as a basis for disciplinary measures against Plaintiff. Admit Nos. 30; 32–34; 106; 108–115;

B. Absence of due process and discriminatory restrictions

ICAONA admits that it did not provide Plaintiff with notice, an opportunity to be present, or an opportunity to be heard at the meeting concerning his disqualification, and also did not ensure his right to defense within the disciplinary procedure. Admit Nos. 96–99; 101–107; 123;

ICAONA admitted that the absence of notice, a hearing, and an opportunity for defense constitutes a complete absence of due process, which, in itself, renders the disciplinary measures taken illegal. Admit Nos. 20; 47–58; 83–93;

These admissions also confirm that ICAONA systematically restricted participation in the national championship, excluding independent players and members of other organizations, thereby creating a discriminatory access regime, forcing players to become members of ICAONA as the only possibility to participate in the U.S. Championship and to qualify for international tournaments, which violates the FMJD Statutes and Decisions, is recognized by the FMJD Executive Board as a discriminatory practice, and is not based on sporting criteria. Admit Nos. 204–206; 208; 210–211; 213–221;

ICAONA admitted that, in the Rules for the 2025 U.S. Championship in Florida, it, for the first time, adopted and applied Section 10, prohibiting players and spectators from promoting or even mentioning NDF-USA or other competing organizations, with the possibility of immediate suspension or removal for violation. Admit Nos. 221–246;

ICAONA admitted that after Plaintiff's disqualification on June 3, 2025, it assigned Plaintiff the status of an "inactive" player, without due process, without notifying him of the date and place of the meeting, and without providing an opportunity to be heard and to defend himself. Admit Nos. 180–181; 190–192;

Based on the disqualification and the "inactive" status, ICAONA denied Plaintiff's nomination to the 2025 World Veterans Championship and prohibited the use of the U.S. anthem and flag, recognizing that this would cause serious moral and reputational harm to Plaintiff and affect his sporting career. Admit Nos. 178; 179; 183; 187–189;

C. Proceedings in FMJD and non-compliance with decisions

ICAONA admitted that the FMJD Executive Board decisions of June 15 and July 7, 2025 and the FMJD Ethics Committee decision of October 1, 2025 established that the accusations against Plaintiff were unfounded, the Committee declared his disqualification invalid, restored all his rights

as an FMJD player including the right to play in the 2025 U.S. Championship, and instructed ICAONA not to allow discriminatory practices; such decision remained in force after the FMJD Executive Board meeting of October 13, 2025. Admit Nos. 201; 207; 249; 251; 263; 307–322;

After October 1 and October 13, 2025, ICAONA continued not to recognize and not to comply with the binding nature of the Ethics Committee decision, continued to block Plaintiff's participation in the 2025 U.S. Championship through protests to the Executive Board and the General Assembly, and continued to insist on the immediate withdrawal of Plaintiff's lawsuit from court as a mandatory condition for admission to the 2025 U.S. Championship and qualification for 2026–2027. Admit Nos. 284–320; 378–380; 494–496;

ICAONA admitted that the FMJD General Assembly on October 26, 2025, did not consider and did not vote on ICAONA's protest and approved all decisions of the Executive Board for 2023–2025. Admit Nos. 365; 367; 368;

ICAONA admitted that in the ICAONA Memorandum dated November 11, 2025 and in the personal letter of L. Turiy to the FMJD President with a copy to Plaintiff, a mandatory condition for Plaintiff's admission to the 2025 U.S. Championship was the requirement that he immediately waive his constitutional rights to judicial protection and within 24 hours withdraw with prejudice his lawsuit from the U.S. Federal Court, and also that Plaintiff's refusal to comply with these demands would result in a ban on his participation in the 2026–2027 world cycle for a period of 2–3 years, and that such losses constitute irreparable harm and are not subject to monetary compensation. Admit Nos. 385; 387; 389; 390; 391; 392; 393; 397; 411; 414; 416; 418–420;

The conditions of the Memorandum were not related to any sporting or disciplinary violations by Plaintiff. Admit Nos. 443–445.

The admitted facts confirm that the FMJD Ethics Committee decision of October 1, 2025, was binding, was not annulled or suspended, and that ICAONA was aware of its legal effect. Despite this, ICAONA deliberately refused to comply, continued to restrict Plaintiff's rights, and conditioned their exercise on requirements not previewed in the Bylaws or FMJD decisions. Such conduct constitutes willful non-compliance with a binding decision of an international body and is accompanied by continued discriminatory and exclusionary measures.

D. Improper and Unauthorized Exclusion of Rudnitsky from the 2025 U.S. Championship and the 2026–2027 qualification cycle.

ICAONA's actions, including the refusal to confirm admission and the refusal of the Chief Arbiter L. Turiy of the 2025 U.S. Championship in Florida to accept Plaintiff's written demand from his counsel on November 21, 2025, resulted in the effective exclusion of Plaintiff from the 2025 U.S. Championship and the loss of qualification opportunities, at a minimum, for years to come. Admit Nos. 480–483; 487; 491; 508; 535.

ICAONA admitted that from the outset it did not intend to allow Plaintiff to participate in the 2025 U.S. Championship and carried out these actions during the period when the FMJD Ethics Committee Decision had already been issued canceling the disqualification and requiring ICAONA to immediately revoke it and admit Plaintiff to the 2025 U.S. Championship, and also admitted that it understood that such refusal deprives Plaintiff of the ability to pursue his sporting and organizational projects. Admit Nos. 405; 486–488; 491; 539.

Thus, the admitted intentional actions of ICAONA, in disqualifying and discriminating against Plaintiff, directly and necessarily resulted in Plaintiff's exclusion from the 2025 U.S. Championship, without the existence of any alternative explanation or disputed fact.

The totality of these admissions forms a consistent and non-contradictory factual picture, as a matter of law, eliminating any dispute on the merits of the case.

**4. APPLICATION OF RULE 56**

In this case, the application of Rule 56 (summary judgment) is made in conjunction with Rule 36, since all material facts are already deemed established and not subject to proof.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Pursuant to Rule 36(a)(3), a fact is deemed admitted if, within the prescribed time, the party to whom the request is directed does not provide a written answer or objection. An admitted fact "is conclusively established" unless the court permits its withdrawal or amendment pursuant to Rule 36(b). When admitted facts establish elements essential to a claim or defense, entry of summary judgment is proper.

In accordance with the binding precedent of the Eleventh Circuit, summary judgment is appropriate when the moving party demonstrates the absence of any genuine dispute of material facts and its entitlement to judgment in its favor as a matter of law.

The legal framework of summary judgment is based on burden-shifting:
- the moving party bears the initial burden to show the absence of a genuine dispute of material fact;
- Only after this burden is met does the burden shift to the opposing party, which must present specific admissible evidence demonstrating the existence of a factual dispute for trial.

In this case, the Defendant cannot meet the burden because it not only failed to present evidence but also admitted all material facts pursuant to Rule 36.

Conclusory allegations, speculation, and conjecture are insufficient to defeat a properly supported motion.

The Eleventh Circuit and the United States Supreme Court have jointly established a consistent and clearly defined framework supporting the entry of summary judgment in civil cases. The textual basis for summary judgment is Rule 56(a), which provides: "The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment in its favor as a matter of law."

A key Eleventh Circuit case articulating this framework is *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (1991), in which the court held that: "The moving party bears the initial burden to demonstrate to the court, by reference to the record, the absence of genuine issues of material fact to be tried. Only after this burden is met does the burden shift to the opposing party, which must show the existence of such an issue."

Accordingly, in the absence of any disputed facts supported by evidence, and where admissions fully encompass the subject matter of the dispute, the entry of summary judgment is not only permissible, but required.

**5. ARGUMENT**

<u>Requests for Admissions were served; responses were due by March 18, 2026.</u>

The fact of Defendant's failure to provide any responses within the prescribed time is undisputed and in itself results in the admission of all requested facts as a matter of law. ICAONA's failure to respond to the Requests for Admissions (Rule 36 Requests) served on February 16, 2026, results in binding admissions, which, as a matter of law, eliminates the existence of any genuine dispute of material facts.

Plaintiff served ICAONA with comprehensive Requests for Admissions (Rule 36 Requests) on February 16, 2026. These Requests concerned admissions of facts related to amendments to ICAONA's bylaws and the application of Article 4.1(b)(iii), the absence of notice and hearing, discriminatory "USA Specific Qualifications," the prohibition on promotion outlined in Section 10, ICAONA's failure to comply with the FMJD Ethics Committee decision of October 1, 2025, as well as Plaintiff's exclusion from the 2025 U.S. Championship.

ICAONA did not provide a timely response or objections, and all such facts are deemed admitted. These admissions conclusively establish, inter alia, that: (a) ICAONA created and applied new disciplinary provisions in 2025 with respect to Plaintiff; (b) ICAONA deprived Plaintiff of fundamental guarantees in connection with his disqualification and the designation of Plaintiff as an "inactive member"; (c) ICAONA applied discriminatory conditions for admission to participation in the national championship; (d) ICAONA refused to comply with binding decisions of the FMJD Ethics Committee restoring Plaintiff's rights; and (e) ICAONA's actions resulted in Plaintiff's exclusion from the 2025 U.S. Championship.

Thus, Defendant not only failed to present any evidence in its defense, but also legally admitted all facts necessary to establish its liability, which, as a matter of law, **eliminates** the existence of any dispute subject to trial.

The admitted facts set forth above, taken together, fully establish all elements of Plaintiff's claims and preclude the possibility of any defense by Defendant.

Amendments to bylaws and retroactive application of disciplinary provisions**.**

ICAONA admitted that it introduced Article 4.1(b)(iii) in April 2025 and subsequently based disciplinary measures against Plaintiff on this new provision. This admission eliminates any dispute as to the timing and grounds of the disciplinary measures against Plaintiff.

Procedural Issue. ICAONA has admitted it did not provide Plaintiff with notice, a hearing, or an opportunity to defend against his disqualification. This eliminates any factual dispute regarding the deprivation of due process.

The admitted facts confirm that the Plaintiff's disqualification was not only carried out in violation of procedural guarantees, but also lacked any factual or regulatory basis, as ICAONA did not identify any specific violation, did not present any evidence, and based its actions on

unsubstantiated assertions, which renders such disqualification arbitrary and legally invalid on the merits.

The admissions regarding "USA Specific Qualifications" and Section 10 reveal systemic discrimination and coercion, highlighting the need for the court to address these unfair practices and uphold justice.

The admitted facts confirm that ICAONA's restrictions constituted a systemic policy under which participation in the U.S. Championship and access to international qualification were conditioned upon mandatory membership, thereby excluding independent players and suppressing alternative organizations, including NDF, regardless of sporting results. Such a system is not based on objective criteria, contradicts binding FMJD decisions, and creates artificial barriers to access, while the introduction of Section 10, prohibiting the mention of other organizations under threat of exclusion, further confirms that these measures were discriminatory and coercive in nature and constituted an abuse of control over access to competitions.

Non-compliance with FMJD decisions.

The FMJD Ethics Committee declared Plaintiff's disqualification invalid and restored his rights, and the FMJD Executive Board upheld this decision; the General Assembly did not consider and did not vote on ICAONA's Protest of the Committee's Decision; Plaintiff never received from anyone any Notice of revocation or suspension of the October 1 Decision, and notwithstanding this, ICAONA refused to comply with it, conditioned participation on withdrawal of Plaintiff's lawsuit from court, and refused to confirm his admission. These admissions confirm intentional non-compliance and continuing exclusion.

Pattern of Intentional Conduct and Preplanned Actions.

The admitted facts confirm that ICAONA's actions toward the Plaintiff were not isolated or accidental, but constituted a consistent and preplanned course of conduct aimed at excluding him

from professional and organizational activities. This pattern includes: actions in November 2024 to remove the MIAMI OPEN tournament from the FMJD calendar; internal communications in January 2025 discussing Plaintiff's disqualification and exclusion from international competitions; submissions to FMJD bodies in March 2025 that were not supported and resulted in decisions in Plaintiff's favor; the introduction in April 2025 of a new bylaw provision and its subsequent application to the Plaintiff; the June 2025 disqualification without procedure, based on a newly introduced rule and without evidence of violations; continued disregard of binding FMJD decisions from June through October 2025; the November 2025 Memorandum requiring waiver of judicial protection and withdrawal of the lawsuit within 24 hours as a condition for participation in the U.S. Championship; and the final exclusion of the Plaintiff on November 21, 2025 through refusal to accept his written request for admission.

That sequence confirms that ICAONA's actions were intentional and preplanned, unrelated to legitimate disciplinary regulation, and aimed at eliminating the Plaintiff, thus constituting a systemic and intentional course of conduct directed at achieving a specific result — his exclusion from competitions and organizational activities.

Causation and damages**.**

ICAONA's refusals and the refusal of the Chief Arbiter to accept Plaintiff's written demand on November 21, 2025, resulted in Plaintiff's exclusion from the 2025 U.S. Championship and the loss of qualification opportunities, effectively terminating a sporting and professional career that took decades to develop. There is no triable dispute as to the causation of Plaintiff's exclusion.

Taken together, ICAONA's admissions, arising by operation of Rule 36, both individually and collectively, establish all material facts necessary for entry of judgment in favor of Plaintiff as a matter of law on liability.

The Court's procedural orders confirm that discovery is conducted in accordance with the Rules and support reliance on Rule 36 admissions.

The Court's Order dated January 8, 2026, establishing discovery procedures governs the conduct of discovery and emphasizes the necessity of compliance with the Federal Rules to ensure timely and complete disclosure; the Court's order setting a discovery status conference (discovery status conference) requires the parties to report whether responses to served requests have been provided. Within this procedural framework, ICAONA's failure to respond to the February 16, 2026, requests results in the application of Rule 36 deemed admissions, which properly support the entry of summary judgment.

Under these circumstances, there are no issues of fact to be resolved by the Court, and the case must be decided solely as a matter of law in favor of Plaintiff.

**6. RULE 36 WARRANTS IN THIS CASE ENTRY OF SUMMARY JUDGMENT**

In the context of a motion for summary judgment, requests for admission are formulated in such a way as to establish the essential elements of the moving party's claims or the absence of defenses by the opposing party. When this is achieved, summary judgment is entered into as a matter of law because there is no genuine dispute of material fact. The following cases are illustrative: - *Stubbs v. Commissioner of I.R.S.*, 797 F.2d 936 (1986). The court affirmed summary judgment based on admitted facts regarding taxable income and willful failure to file a tax return, following a complete failure to respond to requests for admissions; the taxpayer presented no evidence to rebut the taxing authority's conclusions. See *J.D. Pharmaceutical Distributors, Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201 (1990). The court affirmed summary judgment against the defendant — an incarcerated party — who received requests for admission but failed to respond despite being given 40 days to obtain new counsel; the court found the time provided reasonable and found no

grounds to reverse the decision. See *Disney Enterprises, Inc. v. Bartels*, unpublished in Fed. Supp. (2007).

The Court granted summary judgment in favor of the plaintiff in a copyright infringement case in which the defendant failed to respond to requests for admissions directed to establishing the essential elements of the plaintiff's claims; the admitted facts conclusively established liability. See *Burgos v. Suntrust Bank N.A.*, unpublished in Fed. Supp. (2014). The Court granted summary judgment after the plaintiff failed to respond to requests for admissions and did not oppose the motion, holding that the facts set forth by the defendants were conclusively established.

The Court granted summary judgment in a case under the FLSA (Fair Labor Standards Act) based on the defendants' failure to respond to requests for admissions, together with the plaintiffs' affidavits, thereby establishing all material facts. See *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258 (2009).

The Court granted summary judgment against the defendant, an incarcerated party proceeding pro se, who failed to respond to requests for admissions despite explicit warning of the consequences; the facts were deemed established, thereby confirming liability for trademark infringement.

Pursuant to the Local Rules, a party is not required to conduct a meet and confer before filing a motion for summary judgment, as such motions are expressly excluded from this requirement. Nevertheless, on March 3, 2025, Plaintiff's counsel sent communications to the Defendants' counsel and repeatedly proposed that the opposing party engage in discussions on a broad range of issues in this case. Unfortunately, the opposing party showed no willingness to cooperate. Plaintiff's attempt at informal resolution through mediation on March 16, 2026, also did not result in any constructive attitude of the Defendants to resolve the claims.

## CONCLUSION

This case is not a typical dispute concerning the application of procedural or disciplinary rules. The admitted facts confirm a consistent pattern of conduct by the Defendant, including the introduction of retroactive rules with their subsequent application to the Plaintiff, deprivation of procedural guarantees, disregard of binding decisions of international bodies, and the establishment of discriminatory conditions for access to competitions, which ultimately resulted in the restriction of Plaintiff's rights and conditioned their exercise on the waiver of judicial protection.

There is no genuine dispute of material fact in this case, as all such facts are deemed conclusively established by operation of F.R.Civ.P. Rule 36. The admitted facts confirm that the Plaintiff's exclusion from the 2025 U.S. Championship was not accidental, but was the direct, foreseeable, and inevitable result of ICAONA's actions. ICAONA acknowledged that denial of participation would eliminate Plaintiff's access to international qualification, that he had no alternative means to exercise his sporting rights, and that the imposed conditions, including waiver of judicial protection, would lead to his exclusion and irreparable consequences, yet deliberately implemented these measures and carried them through to final exclusion. Under these circumstances, causation is direct, foreseeable, and inevitable, and no genuine dispute exists on this issue.

ICAONA has not presented a single item of documentary evidence in its defense and has not taken any action to contest the admitted facts, thereby eliminating any possibility of a factual dispute. Under these circumstances, further proceedings at trial are not required, as there are no issues of material facts to be resolved, and all elements of the claims are established.

Plaintiff respectfully requests that the Court:

a) grant Plaintiff's motion for summary judgment against ICAONA on 9 Counts (except for the breach of contract) based on admissions under Rule 36 and the entire record;

b) adjudge Defendant's actions, including Plaintiff's disqualification, unlawful and invalid both for failure to comply with required procedures and on the merits, and declare such disqualification void and without legal effect;

c) order Defendant to cease application of the challenged disciplinary and exclusionary measures, including the discriminatory practice of denying Plaintiff and other non-members of ICAONA participation in the U.S. National Championship, and to remedy the consequences of such actions, including:

- restoration of Plaintiff's status in ICAONA and rights to play in any events under the auspices of ICAONA;

- restoration of his right to participate in official competitions, including the U.S. Open Championship, without ICAONA's restrictions;

d) determine Defendant's liability for damages caused to Plaintiff, with the amount to be determined at a later stage of the proceedings.

Dated: May 10, 2026

Respectfully submitted,

____________________/signed George Lambert/

George Lambert, Esq., FL bar 1022697
The Lambert Law Firm P.C.
421 Poinciana Drive, #1422,
Sunny Isles Beach, FL 33160;
Email: office.law.323@gmail.com
Tel. (305) 938 0600
Attorney for Plaintiff Alexander Rudnitsky

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on all parties and attorneys who have appeared in that action, via the Pacer system, as follows:

Ray Garcia, Esq.
Email: RGarcia@raygarcialaw.com
Law Office of Ray Garcia, P.A.
Attorney for Defendants
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030

Dated: May 10, 2026

Signed: George Lambert, Esq.