**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**No. 25-cv-25063-BLOOM/Elfenbein**

ALEXANDER RUDNITSKY,

      Plaintiff,

v.

INTERNATIONAL CHECKERS
ASSOCIATION OF NORTH AMERICA
INC., and LYUBLYANA K. TURIY, aka
LYUBYANA TURIY, aka LUBA K.
TURIY, aka L.K. TURIY

      Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

     **THIS CAUSE** is before the Court upon Defendants International Checkers Association

of North America ("ICAONA") and Lyublyana K. Turiy's ("Turiy") Motion to Dismiss Verified

Complaint, ECF No. [17], which was previously referred to the Honorable Marty Fulgueira

Elfenbein for a Report and Recommendation. *See* ECF No. [28]. On April 22, 2026, Judge

Elfenbein issued a Report and Recommendation recommending that (1) the Motion to Dismiss

be granted as to personal jurisdiction over Turiy and as to Count VII (Breach of

Contract/Member Rights) and that the Complaint be dismissed without prejudice and with leave

to amend to add additional allegations of personal jurisdiction as to Turiy and (2) that the Motion

to Dismiss be denied in all other respects. *See* ECF No. [40].

     Turiy filed an Objection to the Report and Recommendation. ECF No. [41]. Plaintiff

filed a Response to Turiy's Objection. ECF No. [42]. Turiy argues that the recommendation to

allow Plaintiff leave to amend is based on a legal error regarding, "the timing of jurisdictional

facts and the weight of opposition arguments." ECF No. [41] at 3. Turiy argues personal jurisdiction is determined at the time of the filing of the Complaint. *Id*. at 1. The Report and Recommendation states that, "The factual predicate that would most clearly support personal jurisdiction over Turiy — her alleged physical presence in Miami Beach on November 21, 2025, personally enforcing Rudnitsky's exclusion from the venue — does not appear in the body of the Complaint." ECF No. [40] at 32. Turiy argues the Report and Recommendation ignores the Complaint's November 3, 2025 filing date and impermissibly allows Plaintiff to retroactively manufacture minimum contacts through conduct that had not yet occurred. ECF No. [41] at 1-2. Turiy further argues that the Report and Recommendation improperly relies on facts Plaintiff proffered in his Response to justify leave to amend. *Id*. at 2. Turiy contends that reliance upon facts proffered in Plaintiff's Response cuts against well-settled law that a complaint may not be amended by a brief in opposition to a motion to dismiss. *Id*. Finally, Turiy argues Florida's corporate shield doctrine bars jurisdiction as the allegations attributed to Turiy concern organizational governance, disciplinary decisions, and communications undertaken solely in her capacity as an ICAONA officer. *Id*. at 2-3. As such, Turiy contends that "without allegations that [she] committed a tort in Florida for her own personal benefit, she is constitutionally immune from jurisdiction in this forum." *Id*. at 3.

Plaintiff responds that the Report and Recommendation properly recommends leave to amend under Federal Rule of Civil Procedure 15. ECF No. [42] at 4. Plaintiff further responds that the time of filing rule does not bar amendment or consideration of continuing conduct. *Id*. at 4. Plaintiff argues the November 21, 2025 refusal by Turiy is not an isolated event but rather "the logical culmination of an earlier pattern of wrongful conduct, including defamation, disqualification, and exclusion of Plaintiff's participation." *Id*. Plaintiff concedes that Turiy is

correct that a complaint may not be amended by a brief but contends that a court may consider proffered facts when evaluating whether amendment would be futile. *Id*. at 4-5. Finally, Plaintiff argues that the corporate shield doctrine does not bar jurisdiction where an officer personally commits or directs tortious conduct. *Id*. at 5.

Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The grant or the denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given freely "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Cadence Bank, N.A. v. 6503 U.S. Highway 301*, LLC, No. 8:13-cv-840-T-33TGW, 2013 WL 12157897 (M.D. Fla. Oct. 7, 2013) (quoting *Foman*, 371 U.S. at 182).

Ultimately, the Report and Recommendation determined that the "factual predicate for personal jurisdiction over Turiy may exist[.]". ECF No. [40] at 32. In doing so, the Recommendation relied on Turiy's alleged physical presence in Miami, Beach on November 21, 2025, and her alleged role as Chief Arbiter of the U.S. Open 2025 "which would place her physically in this District in the exercise of direct control over the tournament." *Id*. As Plaintiff points out, the Report and Recommendation does not make any final determination on jurisdiction but grants leave to amend under the premise that the jurisdictional deficiencies may be curable. ECF No. [42] at 3. Though Turiy argues amendment is futile under the corporate shield doctrine, "under Florida law, this corporate shield doctrine is inapplicable where the corporate officer commits intentional torts." *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d

3

1339, 1355 (11th Cir. 2013).  The Complaint alleges Turiy committed intentional torts including defamation (Count I) and tortious interference with business or advantageous relations (Count II).  As such, this Court finds that Turiy fails to establish that leave to amend should be denied for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Therefore, dismissal without prejudice is appropriate.

Having considered the remainder of Judge Elfenbein's Report, Turiy's Objection, and having made a *de novo* review of the record, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), this Court finds Judge Elfenbein's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge Elfenbein's Report and Recommendation and concludes that Defendants' Motion to Dismiss the Verified Complaint must be granted in part and denied in part for the reasons set forth therein.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Elfenbein's Report and Recommendation, **ECF No. [40]**, is **ADOPTED**;

2. Defendants' Motion to Dismiss, **ECF No. [17]**, is **GRANTED in part** as to personal jurisdiction over Turiy and as to Count VII (Breach of Contract/Member Rights), and the Complaint is dismissed without prejudice and with leave to amend to add additional allegations of personal jurisdiction as to Turiy and **DENIED** in all other respects; and

3. Plaintiff shall file an Amended Complaint **no later than May 22, 2026**.

No. 25-cv-25063-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on May 12, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

5