**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ALEXANDER RUDNITSKY**,

CASE NUMBER: 1:25-cv-25063-BB

Plaintiff,

v.

**INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA, INC.**, and
**LYUBLYANA K. TURIY**,
Defendants.
_______________________________________/

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA, INC. ("ICAONA"), hereby responds in opposition to Plaintiff's Motion for Summary Judgment and states that the Motion should be denied in its entirety because substantial issues of material fact remain in dispute, Plaintiff improperly relies upon alleged deemed admissions arising from extraordinarily voluminous discovery requests, and Plaintiff has failed to establish entitlement to judgment as a matter of law on any of the asserted claims.

At the outset, Plaintiff's Motion is premised almost entirely upon alleged deemed admissions pursuant to Rule 36 resulting from Defendant's purported failure to timely respond to approximately 543 Requests for Admissions. However, the Requests for Admissions served in this action were extraordinarily excessive, cumulative, argumentative, compound, burdensome, and disproportionate to the needs of the case. Defendant has now served responses and objections to

the Requests for Admissions and has simultaneously sought protective relief from the Court concerning the improper scope and volume of the discovery requests. The Requests themselves improperly sought legal conclusions, interpretations of bylaws and FMJD authority, admissions concerning ultimate liability issues, and disputed factual characterizations central to the litigation. Furthermore, the Requests for Admissions were served while a Motion to Dismiss was still pending to be decided by this Court. It is inappropriate for a plaintiff to serve a request for admissions along with the complaint; it is too early for the defendant, having not yet received the allegations, to perceive what facts should or should not be contested. Fed.Rules Civ.Proc.Rule 36(a), 28 U.S.C.A. See also, Perez v. Miami-Dade Cnty., 297 F.3d 1255 (11th Cir. 2002).

Further, Rule 36(b) expressly permits withdrawal or amendment of admissions where presentation of the merits would be promoted and the opposing party cannot demonstrate prejudice. Here, adjudication on the merits would unquestionably be served by permitting withdrawal and/or amendment of any alleged deemed admissions because this case involves numerous complex factual and legal disputes relating to governance decisions, organizational authority, alleged disciplinary actions, communications with FMJD, membership qualifications, antitrust allegations, and Plaintiff's alleged damages. Plaintiff cannot demonstrate prejudice beyond being required to prove his claims through ordinary litigation procedures. The Eleventh Circuit strongly favors resolution on the merits rather than dispositive relief based upon procedural technicalities. In deciding whether to grant or deny a motion to withdraw or amend admissions,

court should consider whether the withdrawal will subserve the presentation of the merits, and determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case; a district court abuses its discretion in denying a motion to withdraw or amend admissions when it applies some other criterion beyond foregoing two-part test or grossly misapplies the two-part test in making its ruling. Fed. Rules Civ. Proc. Rule 36(b), 28 U.S.C.A. See also, Id. Additionally, Rule 36 expressly authorizes the requesting party to move a court to determine the sufficiency of an answer or an objection to a request for admission. Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served." Id. DM Yachts v. Denison Yacht Sales, Inc., No. 18-62499-CIV, 2019 WL 10374089, at *2 (S.D. Fla. Oct. 30, 2019). To the extent the Court determines any Requests for Admissions were deemed admitted pursuant to Rule 36(a)(3), Defendant respectfully requests, pursuant to Rule 36(b), that the Court permit withdrawal and/or amendment of any such admissions. Allowing withdrawal would promote presentation of the merits of this action, and Plaintiff cannot demonstrate prejudice beyond being required to litigate the case on its merits. Defendant has now served responses and objections to the Requests for Admissions and has actively contested Plaintiff's claims throughout these proceedings.

Additionally, the record demonstrates the existence of numerous disputed issues of material fact which independently preclude summary judgment. Defendant's Answer and Affirmative Defenses expressly deny many of the core allegations asserted throughout the Verified Complaint,

including allegations relating to alleged defamation, alleged discriminatory conduct, alleged due process violations, alleged antitrust violations, alleged tortious interference, alleged FDUTPA violations, and alleged damages. Defendant further asserts numerous affirmative defenses, including qualified privilege, truth, opinion and rhetorical hyperbole, legitimate organizational purpose, lack of antitrust standing, absence of monopoly power, speculative damages, failure to mitigate damages, lack of causation, and intra-corporate privilege.

Plaintiff's Motion improperly attempts to characterize disputed allegations as conclusively established facts despite the existence of substantial factual disputes concerning ICAONA's authority under its governing documents, the propriety of organizational and disciplinary decisions, Plaintiff's membership status, the interpretation and application of FMJD rules and procedures, the nature and context of communications made to third parties, and whether Plaintiff suffered legally cognizable damages caused by ICAONA. Many of Plaintiff's claims inherently involve issues of intent, motive, causation, malice, reasonableness, and damages, all of which are inappropriate for summary judgment.

Moreover, Plaintiff improperly seeks summary judgment on claims that require highly fact-intensive legal analysis. The defamation claims require analysis of falsity, privilege, context, opinion, and damages. The tortious interference claims require proof of unjustified interference and causation. The antitrust claims require proof of a legally cognizable market, monopoly power, antitrust injury, and unlawful restraint of trade. The FDUTPA claims require analysis of trade or

commerce and causation. The emotional distress claims require proof of conduct sufficiently extreme and outrageous under Florida law. Plaintiff has failed to establish the absence of genuine disputes concerning these essential elements.

Plaintiff also improperly seeks broad declaratory and injunctive relief despite substantial unresolved factual and legal disputes regarding ICAONA's governance authority, organizational rules, membership requirements, disciplinary procedures, and Plaintiff's alleged entitlement to participation in future events. Such relief is extraordinary in nature and plainly inappropriate where material factual disputes remain unresolved.

Finally, Plaintiff's Motion repeatedly attempts to transform disputed legal theories and Plaintiff's own characterizations into established facts through Requests for Admissions drafted in an argumentative and narrative fashion. Rule 36 was not intended to permit a party to obtain automatic liability on nine separate causes of action through excessive and abusive discovery requests seeking admissions on contested legal conclusions and ultimate issues.

Accordingly, because substantial issues of material fact remain in dispute, because Defendant has responded to the Requests for Admissions and sought protective relief, and because Plaintiff has failed to establish entitlement to judgment as a matter of law, Plaintiff's Motion for Summary Judgment should be denied in its entirety.

Dated: May 26, 2026 Respectfully submitted,

By: /s/ Ray Garcia

Ray Garcia
FBN: 011580
Email: RGarcia@raygarcialaw.com
**Law Office of Ray Garcia, P.A.**
*Attorney for Defendants*
14850 SW 26th Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Fax: (305) 223-9811

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ray Garcia

Ray Garcia

Fla. Bar No. 115850