**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
(Miami Dade Division)

| | |
|---|---|
| ALEXANDER RUDNITSKY<br><br>Plaintiff<br>(resident of Florida)<br><br>v.<br><br>INTERNATIONAL CHECKERS ASSOCIATION OF NORTH AMERICA INC.<br>(a State of New York corporation).<br><br>Defendant | ACTION No. 1:25-cv-25063-BB<br><br><br><br><br><br>**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |

0

## I. INTRODUCTION

This Motion for Preliminary Injunction ("PI") is filed in response to the continuing actions of ICAONA International Checkers Association of North America, Inc. ("ICAONA") that despite numerous decisions and directives issued by the governing bodies of the World Draughts Federation (FMJD), continue to interfere with Rudnitsky's participation in national and international competitions, restrict his rights, and create a threat of his further exclusion from FMJD competitions.

Alexander Rudnitsky ("Rudnitsky"), a U.S. citizen, is a five-time U.S. Champion, a two-time World Veterans Champion, and one of the most accomplished international draughts players in the U.S. For more than sixty-five years, Rudnitsky has devoted his life to the development of sports as a player, tournament organizer, sponsor, and community leader.

On June 3, 2025, ICAONA announced Rudnitsky's suspension for a period of two years, followed by a lifetime suspension. The stated basis for the suspension was not any sporting, disciplinary, or ethical misconduct. As demonstrated by ICAONA's own admissions, the disciplinary measures were imposed because Rudnitsky participated in the creation and development of an independent non-profit organization, The National Draughts Federation of the USA ("NDF"), and his efforts to organize an annual international Miami Open tournament.

The FMJD Executive Board, in its letters of June 15 and July 8, 2025, advised ICAONA that Rudnitsky retained all his rights pending a final decision by the FMJD Ethics Committee. On October 1, 2025, the FMJD Ethics Committee determined that ICAONA's allegations against Rudnitsky were unfounded, declared ICAONA's suspension decision invalid, confirmed Rudnitsky's right to participate in all FMJD competitions, including the U.S. Championship, and ordered ICAONA to rescind the suspension and issue an apology to Rudnitsky. That decision was subsequently reaffirmed on multiple occasions by FMJD bodies. Nevertheless, ICAONA has continued to refuse compliance with those decisions.

1

As a result of ICAONA's actions, Rudnitsky has been deprived of the opportunity to participate in the 2025 U.S. Championship, which served as a qualifying event within the FMJD international competition cycle. Rudnitsky was also deprived of the opportunity to compete for qualification to the 2026 Pan American Championship and subsequent qualification to the 2027 World Championship. These lost opportunities cannot be restored after this litigation concludes.

This case is currently in the discovery phase. Following consideration of ICAONAs' Motion to Dismiss, Magistrate Judge Elfenbein issued a Report and Recommendation recommending that the principal arguments advanced by ICAONAs be rejected. On May 12, 2026, the District Judge adopted that R&R.

Despite that, the violations continue to the present day. In May and June 2026, Rudnitsky again encountered efforts to restrict his participation in international competitions under the flag of the U.S. Before the start of the major international tournament, the Salou Open 2026 (Spain), ICAONA and Ms. Turiy insisted that Rudnitsky participate without the U.S. flag and country designation, as an independent player. After submitting his application to participate in the 2026 World Blitz Championship in Riga, Rudnitsky received a denial from ICAONA based on the same suspension that the FMJD Ethics Committee had already declared invalid on October 1, 2025. At the same time, ICAONA continues to publish U.S. Championship regulations that limit participation exclusively to ICAONA members, thereby creating a real threat that Rudnitsky will again be excluded from the 2026 U.S. Championship.

Accordingly, this Motion is not directed at remedying harm that has already occurred, but rather at preventing new and continuing irreparable harm that is likely to be inflicted upon Rudnitsky in the coming weeks and months. Upcoming international competitions, including the 2026 World Blitz Championship, the 2026 U.S. Championship, and the 2026 World Veterans Championship, are conducted on fixed schedules and form part of a multi-year international qualification cycle. The

loss of the opportunity to participate in such competitions cannot be adequately compensated through monetary damages after the conclusion of this litigation.  The immediate impact of the PI is to have Rudnitsky unimpeded access to the checkers tournaments as follows.

| № | CHECKERS MASTERS TOURNAMENT NAMES | CITY | COUNTRY | START DATE | END DATE |
|---|---|---|---|---|---|
| **Tournaments that Plaintiff Was Unable to Attend Because of ICAONA's Tortious Activities** | | | | | |
| 1 | 7th CDC International Cup | Willemstad | Curasao | 10/7/2025 | 10/15/2025 |
| 2 | 7th Raj Narain Svrefidensi Open | Paramaribo | Suriname | 11/21/2025 | 11/30/2025 |
| 3 | Bourges Open 2026 World Cup 3* | Bourges | France | 4/27/2026 | 5/3/2026 |
| **Future Tournaments that Plaintiff Requests for the PI Order to Be Have Unimpeded Right to Attend** | | | | | |
| 4 | Riga Open 2026 World Cup 3 * | Riga | Latvia | 7/5/2026 | 7/10/2026 |
| 5 | World Championship Blitz 2026 | Riga | Latvia | 7/8/2026 | 7/8/2026 |
| 6 | Nijmegen World Cup 5 * 2026 | Nijmegen | Netherlands | 7/26/2026 | 8/1/2026 |
| 7 | US OPEN Champions 2026 | Huntington | USA | 8/20/2026 | 8/29/2026 |
| 8 | Tobago World Cup 9 * | Tobago | Trinidad & Tobago | 9/9/2026 | 9/18/2026 |
| 9 | 6th World Veterans Championship | Drancy | France | 9/21/2026 | 9/28/2026 |
| 10 | 11th Xingqu World Cup 7 * | Lishui | China | 11/10/2026 | 11/16/2026 |

Because Rudnitsky has demonstrated a substantial likelihood of success on the merits, the existence of continuing irreparable harm, a favorable balance of equities, and consistency of the requested relief with the public interest, Rudnitsky respectfully requests that this Court issue a PI and grant the relief set forth below.

## II. FACTUAL BACKGROUND AND CONTINUING CONDUCT

This case did not arise from a single disciplinary decision or an isolated dispute between the parties. Rather, the evidence in this case demonstrates a continuous and ongoing course of conduct

by ICAONA aimed at restricting Rudnitsky's activities and impeding the development of The National Draughts Federation of the USA ("NDF"), an organization of which Rudnitsky is one of the founders, organizers, sponsors, and officers.

In June 2024, Rudnitsky, along with others, established the non-profit organization NDF. The principal objectives of NDF were the development of draughts in the U.S., the recruitment of new players, the organization of tournaments, and the implementation of international sporting projects, including the creation of the annual international Miami Open tournament.

Almost immediately after NDF's creation, ICAONA began taking steps to restrict the new organization's activities. Initially, those actions focused on attempts to obstruct the Miami Open tournament and to obtain FMJD intervention against NDF. In particular, during the fall of 2024, representatives of ICAONA contacted FMJD seeking action to remove the Miami Open from the international competition calendar and to limit NDF's ability to develop its projects.

After those efforts failed to achieve their intended result, the nature of ICAONA's actions changed. As reflected in documents submitted in this case, at the beginning of 2025, ICAONA, with Ms. Turiy assuming a leading role, engaged in communications about ways to terminate NDF's activities and eliminate Rudnitsky's influence over the organization. Those documents demonstrate that ICAONA viewed Rudnitsky as the key figure in NDF and considered restricting his participation in the sport as one means of preventing the further development of NDF. In particular, in January 2025, confidential communications began in which Ms. Turiy discussed measures to compel Rudnitsky to cease developing NDF. It was proposed that Rudnitsky be suspended to prevent his participation in the World Championship Final and to compel him to shut down NDF. The idea of suspending Rudnitsky originated in January and was ultimately implemented on June 3, 2025.

The next stage involved efforts to obtain FMJD decisions restricting the activities of NDF and its projects. Those efforts likewise failed to achieve the desired result. FMJD repeatedly

4

confirmed ICAONA's status as an FMJD member while simultaneously not objecting to the existence and activities of NDF, its use of its name, or its organizing the Miami Open tournament.

Thereafter, for the first time since its creation in 2002, ICAONA adopted substantial amendments to its Bylaws. Those amendments were approved in April 2025 and significantly expanded the organization's disciplinary authority. Almost immediately after the adoption of those amendments, and before their official registration with the New York Department of State on June 5, 2025, ICAONA relied on the amendments not yet in effect and, on June 3, 2025, suspended Rudnitsky for two years, which was later followed by a lifetime suspension.

Of particular significance is that the suspension was not based on any disciplinary, sporting, or ethical misconduct by Rudnitsky. Rather, as demonstrated by the record and ICAONA's own documents, the sanctions were imposed because of Rudnitsky's involvement in the creation and development of NDF, his organization of the Miami Open tournament, and his efforts to promote draughts outside the ICAONA structure. This conclusion was subsequently confirmed by the highest disciplinary body of the World Draughts Federation in the FMJD Ethics Committee Decision of October 1, 2025.

Accordingly, the evidence permits the conclusion that the suspension was not an independent disciplinary measure but rather a component of a broader strategy to remove Rudnitsky from active participation in the sport and to hinder the continued development of NDF by excluding its principal organizer, sponsor, and public representative.

Following the suspension decision, Rudnitsky appealed to FMJD. In June and July 2025, the FMJD Executive Board confirmed that there were insufficient grounds for disciplinary action. It directed that discriminatory restrictions relating to participation in the U.S. Championship be removed. Thereafter, the FMJD Ethics Committee fully considered Rudnitsky's complaint on the

merits and, on October 1, 2025, declared the suspension invalid, confirmed Rudnitsky's right to participate in FMJD competitions, and ordered ICAONA to rescind the suspension and apologize.

Despite those decisions, ICAONA continued to adhere to its prior position. Rudnitsky was denied the opportunity to participate in the 2025 U.S. Championship, which formed part of the FMJD international qualification cycle, and permanently lost the opportunity to compete in the 2026 Pan American Championship and the 2027 World Championship cycle, even though during the previous cycle he had successfully qualified, become U.S. Champion, earned a medal at the Pan American Championship, and qualified for the World Championship Final. Rudnitsky subsequently encountered additional efforts to restrict his participation in international competitions under the U.S. flag, as well as ongoing interference with the implementation of NDF projects.

Despite ongoing litigation, Rudnitsky continues to experience the consequences of ICAONAs' actions in 2026. These circumstances include the campaign organized by ICAONA before the major international tournament, the Salou Open 2026 (Spain). Ms. Turiy made substantial efforts to require Rudnitsky to compete without the U.S. flag or country designation. ICAONA also refused to confirm Rudnitsky's registration for the World Blitz Championship scheduled for July 2026, and Ms. Turiy, acting as FMJD Tournament Director, approved that refusal. Rudnitsky's participation in the World Veterans Championship, scheduled to take place in France in September 2026, likewise remains under serious threat. Rudnitsky has been forced to withdraw from several planned international tournaments because ICAONA and Ms. Turiy insisted that he compete without the U.S. flag and anthem, which is unacceptable to Rudnitsky, who has always proudly and successfully represented his country in international competition. As a result, the Miami Open 2026 tournament was canceled. Ms. Turiy, who serves as FMJD Tournament Director, has also refused to add the NDF-sponsored Miami Open 2027 to the calendar, placing that event at risk.

6

Accordingly, the evidence demonstrates a continuing course of harm. It supports Rudnitsky's position that the principal purpose of these measures is not the enforcement of discipline or compliance with sporting regulations, but rather the restriction of NDF's activities through pressure directed at its founder, officer, and principal organizer.

These circumstances demonstrate that the harm at issue is not limited to past events but is ongoing and continues to cause Rudnitsky substantial and irreparable injury.

**III. LEGAL STANDARD**

This Motion is brought pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, which authorizes federal courts to issue a PI to prevent ongoing or threatened violations of a party's rights pending final resolution of the dispute on the merits.

A party seeking a PI must establish:

(1) a substantial likelihood of success on the merits;

(2) a threat of irreparable injury absent the requested relief;

(3) that the threatened injury to the movant outweighs any harm that the requested injunction may cause to the opposing party (balance of harms); and

(4) that the requested relief would not be adverse to the public interest. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In considering a motion for PI, the Court does not determine the ultimate merits of the claims. Rather, the Court evaluates the likelihood that the movant will prove those claims during the course of the litigation. At this stage, the Court may also consider documentary evidence, affidavits, admissions by the parties, and other materials demonstrating the continuing nature of the alleged violations.

As demonstrated below, the evidence establishes a substantial likelihood that Rudnitsky will prevail on the merits of his claims. In addition, ICAONA's actions have already resulted in Rudnitsky's exclusion from the 2025 U.S. Championship and the loss of the associated international qualification cycle for 2026–2027. At present, there is a real threat that similar restrictions will be imposed on the 2026 World Blitz Championship, the 2026 U.S. Championship, and the 2026 World Veterans Championship.

As set forth below, Rudnitsky presents substantial documentary evidence, including decisions of the governing bodies of the World Draughts Federation (FMJD), official FMJD correspondence, ICAONA's admissions contained in Requests for Admission, and materials from this federal action, all of which establish each of the four factors required for the issuance of a PI.

**IV. RUDNITSKY HAS DEMONSTRATED A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS**

Rudnitsky has demonstrated a substantial likelihood of success on the merits of his claims. The evidence shows that for more than a year, every independent body that has considered the dispute between the parties has consistently upheld Rudnitsky's rights and rejected ICAONA's position. Despite this, ICAONA continues to disregard those decisions and take new actions that restrict Rudnitsky's rights as an athlete and as an organizer of sporting events.  The principles can be found in *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (1981) (recognizing irreparable harm from loss of opportunities not remediable after litigation); *NAACP v. Button*, 371 U.S. 415, 429–30 (1963) (discussing protection of access to courts and associational rights).

As the U.S. Supreme Court and the Eleventh Circuit have repeatedly held, a party seeking a PI is not required to prove its claims conclusively at this stage, but must instead demonstrate a substantial likelihood of success on the merits. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

A. FMJD Bodies Consistently Confirmed Rudnitsky's Rights

On March 3, 2025, at ICAONA's request, the FMJD Executive Board considered ICAONA's claims against NDF. Following its review, FMJD confirmed NDF's right to exist, to use its name, and to organize the international Miami Open tournament. FMJD also encouraged the parties to cooperate. (Exhibit #017; RFA Nos. 162, 163, 165, 166).

Following ICAONA's subsequent suspension of Rudnitsky on June 3, 2025, the FMJD Executive Board again reviewed the matter and, on June 15, 2025, officially advised that it saw insufficient grounds for disciplinary action against Rudnitsky. On July 8, 2025, FMJD further confirmed Rudnitsky's right to participate in all FMJD competitions and directed that those discriminatory restrictions on participation in the U.S. Championship based on ICAONA membership be removed. (Exhibits ##021, 023; RFA Nos. 198–212).

Acting in accordance with those FMJD decisions, the organizers of the 2025 World Veterans Championship allowed Rudnitsky to participate in the competition despite ICAONA's refusal to confirm his registration. As a result, Rudnitsky competed in the World Veterans Championship. (Exhibits ##021, 023, 126; RFA Nos. 178–183, 186–188, 198–212).

Most importantly, after a full review of Rudnitsky's complaint on the merits, the FMJD Ethics Committee, on October 1, 2025, declared ICAONA's suspension decision invalid, confirmed Rudnitsky's right to participate in all FMJD competitions, including U.S. Championships, and ordered ICAONA to rescind the suspension immediately. The Ethics Committee subsequently reaffirmed that decision in multiple official documents and clarifications. (Exhibits ##024, 026, 034, 035, 111, 112, 134; RFA Nos. 248–265).

B. ICAONA Unsuccessfully Attempted to Challenge Those Decisions

9

Following the issuance of the FMJD Ethics Committee Decision, ICAONA exhausted all available appellate mechanisms under FMJD's internal rules. None of those efforts resulted in the reversal, modification, or suspension of the Committee's Decision. (RFA Nos. 307–321, 323–328).

On October 5, 2025, ICAONA submitted a protest to the FMJD Executive Board seeking review of the Ethics Committee's October 1, 2025, decision. That protest was considered and rejected by the FMJD Executive Board on October 13, 2025. (Exhibit #025; RFA Nos. 307–321).

Thereafter, ICAONA submitted a protest to the FMJD General Assembly, which convened on October 26, 2025. However, the General Assembly did not consider the protest on the merits, did not discuss it, and did not submit it to a vote of the delegates. (Exhibit #098; RFA Nos. 298–300, 323–328, 364, 365, 367–369, 371).

After ICAONA exhausted all internal FMJD procedures, no FMJD body revoked, modified, or stayed the October 1, 2025, Ethics Committee Decision. Accordingly, that Decision remains valid, final, and binding upon all FMJD members, including ICAONA. (Exhibits ##024, 025, 026, 098; RFA Nos. 247–265, 307–321, 323–328, 364, 365, 367–369, 371).

C. FMJD Continued to Confirm Rudnitsky's Rights Following the Election of New Leadership at the October 26, 2025, General Assembly

Following the election of new FMJD leadership at the General Assembly on October 26, 2025, Rudnitsky's status was again reviewed by FMJD's governing bodies.

On May 31, 2026, the FMJD General Secretary officially confirmed that neither the previous Executive Board nor the newly elected Executive Board had ever adopted any decision altering Rudnitsky's sporting status. This confirmation established that no FMJD decision had deprived Rudnitsky of the right to compete under the U.S. flag. Based upon that official FMJD position, Rudnitsky was permitted to participate in the Salou Open 2026 international tournament in May 2026 as a player representing the U.S. with full national designation and symbolism. (Exhibits

##123, 127).  The new FMJD President, Janek Mäggi, repeatedly confirmed in his correspondence with Rudnitsky that Rudnitsky is entitled to participate in the U.S. Championship and other official FMJD competitions. (Exhibits ##055, 056, 057, 058, 061).  Accordingly, both the former and current FMJD leadership have consistently maintained the same position regarding Rudnitsky's rights.

D. The Record in This Case Further Supports Rudnitsky's Likelihood of Success

After the filing of this action, ICAONAs moved to dismiss Rudnitsky's claims at the pleading stage.   On April 22, 2026, the U.S. Magistrate Judge issued a Report and Recommendation recommending that ICAONAs' principal arguments be rejected. In particular, the Magistrate Judge concluded that, assuming the truth of the factual allegations contained in the Complaint, as required under the Motion to Dismiss standard, Rudnitsky's claims were legally sufficient to proceed.

On May 12, 2026, District Judge Beth Bloom adopted the Report and Recommendation. The R&R demonstrates that, after considering the parties' arguments, the federal court rejected ICAONA's argument concerning the alleged legal insufficiency of Rudnitsky's claims.

Moreover, unlike the Motion to Dismiss stage, where the Court was required to rely solely upon the allegations contained in the Complaint, the record now contains a substantial body of additional evidence, including FMJD documents, Ethics Committee decisions, official correspondence, sworn statements, and Requests for Admission served upon ICAONA.

Those Requests for Admission address, among other things, FMJD decisions, the circumstances surrounding Rudnitsky's suspension, restrictions on participation in competitions, the consequences of ICAONA's actions upon Rudnitsky's sporting career, and the continuing nature of the challenged conduct. See, e.g., RFA Nos. 162–166, 178–183, 198–220, 248–285, 307–328, 404–407, 418–422, 454–460, and 486–491.

Particularly significant are the admissions confirming: (1) the decisions of FMJD and the Ethics Committee; (2) restrictions imposed upon Rudnitsky's participation in competitions; (3) the

11

consequences of those restrictions upon Rudnitsky's sporting career; and (4) the continuing nature of ICAONA's conduct even after FMJD issued its decisions.

Taken together, the evidence demonstrates that for more than a year, every independent sporting body that has considered the dispute has consistently confirmed Rudnitsky's rights and rejected ICAONA's position. The FMJD Executive Board, the FMJD Ethics Committee, and the new FMJD leadership all reached conclusions inconsistent with ICAONAs' position. Nevertheless, ICAONA continues to undertake new actions that restrict Rudnitsky's participation in competitions and interfere with NDF's activities.

Under these circumstances, Rudnitsky is not required at this stage to conclusively prove every element of his claims. For purposes of a PI, it is sufficient to demonstrate a substantial likelihood of success on the merits. In light of the decisions issued by FMJD bodies, the record of this case, the documentary evidence, and the admissions contained in the Requests for Admission, Rudnitsky has demonstrated more than a sufficient likelihood of success on the merits.

**V. RUDNITSKY WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE INJUNCTIVE RELIEF**

The second required element for the issuance of a PI is fully satisfied in this case. Irreparable harm exists where the injury suffered cannot be fully remedied through an award of monetary damages after the conclusion of litigation. As the Eleventh Circuit has explained, an injury is irreparable only if it cannot be undone through subsequent monetary remedies. *Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000). Rudnitsky has suffered substantial harm as a result of ICAONAs' actions; the evidence demonstrates both continuing harm and a substantial likelihood of additional harm in the immediate future.

Most significantly, as a result of ICAONA's actions, Rudnitsky was deprived of the opportunity to participate in the 2025 U.S. Championship, which was part of the FMJD international

12

qualification cycle. As a consequence, Rudnitsky lost the opportunity to compete for qualification to the 2026 Pan American Championship and subsequent qualification to the 2027 World Championship. These opportunities cannot be restored after this litigation concludes because the relevant competitions have already taken place or will occur before a final judgment is entered.

Federal courts have repeatedly recognized that the loss of unique opportunities to participate in competitions, qualification cycles, and other time-sensitive events may constitute irreparable harm because such opportunities cannot be recreated after litigation has concluded. See *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981).

(Affidavit ¶¶ 35–39; RFA Nos. 405, 473, 474, 480, 481, 486, 487, 488, 491, 493).

Of particular significance is the fact that ICAONA's own representatives acknowledged the irreparable nature of the harm suffered by Rudnitsky. The record demonstrates that ICAONA understood the consequences of excluding Rudnitsky from official competitions.

On November 14, 2025, Ms. Turiy, acting on behalf of ICAONA, sent a letter to the President of FMJD, a copy of which was simultaneously sent to Rudnitsky. In that letter, Ms. Turiy expressly stated that the litigation could continue for two to three years and that during that period an athlete would inevitably lose his competitive level and qualifications. Ms. Turiy expressly acknowledged that such losses constitute irreparable harm that "cannot be compensated by monetary damages," and further referenced the unavoidable time and financial losses.

That letter was sent only days after ICAONA's November 11, 2025, Memorandum, in which Rudnitsky's participation in the 2025 U.S. Championship was conditioned upon Rudnitsky withdrawing this action and accepting ICAONA's other demands. Ms. Turiy deliberately copied Rudnitsky on her letter and specifically stated that he should carefully consider the circumstances described therein. (Exhibits ##030, 031; RFA Nos. 418–422).

ICAONA's own documents establish not only that its representatives understood the consequences of excluding Rudnitsky from competition, but also that they acknowledged that the loss of multiple competitive seasons and the opportunities associated with them constitute irreparable harm that cannot be remedied through monetary damages.

The threat of similar harm remains. Following the FMJD Ethics Committee Decision of October 1, 2025, similar restrictions continued to arise repeatedly:

• In May 2026, ICAONA attempted to prevent Rudnitsky from participating in the Salou Open 2026 under the flag of the U.S. (Exhibits ##123, 127);

• In June 2026, ICAONA and Ms. Turiy refused to approve Rudnitsky's registration for the 2026 World Blitz Championship (Exhibits ##124, 125);

• In May and June 2026, Rudnitsky was again denied participation in the 2026 U.S. Championship, scheduled to take place in August 2026 (Exhibits ##118, 119, 120, 121);

• Given ICAONA's refusal to confirm Rudnitsky's participation in the 2025 World Veterans Championship, its subsequent actions concerning the Salou Open 2026 and the 2026 World Blitz Championship, Rudnitsky reasonably fears that a similar situation will occur with respect to the 2026 World Veterans Championship.  The risk of recurring restrictions is real, immediate, and ongoing.

<u>A. Lost Athletic Opportunities Cannot Be Restored After the Conclusion of Litigation</u>

Unlike an ordinary commercial dispute, this case involves not only Rudnitsky's economic interests but also his right to participate in athletic competitions conducted on fixed schedules and forming part of multi-year international qualification cycles.

Even if Rudnitsky ultimately prevails on the merits, the Court cannot restore his opportunity to participate in competitions that have already occurred, restore lost qualification positions, or recreate the sporting achievements that could have been attained absent ICAONAs' conduct.

<u>B. Continuing Interference with Rudnitsky's Sporting Status Causes Irreparable Harm</u>

The harm suffered by Rudnitsky is not limited to the loss of individual competitions.

Rudnitsky is a World Veterans Champion in both the Classical and Rapid formats, a five-time U.S. Champion, and one of the most recognized representatives of the U.S. in international draughts. For many years, Rudnitsky competed under the U.S. flag and represented his country in international sporting events. (RFA Nos. 196, 197).

As a result of ICAONA's actions, Rudnitsky's sporting status has repeatedly been called into question, and his right to compete under the U.S. flag has been restricted. The clearest example occurred during the 2025 World Veterans Championship, when Rudnitsky was temporarily designated as an independent player without national affiliation. (Exhibits ##117, 126; RFA Nos. 178–181, 183, 186–192, 418–422, 486–491).  Such reputational harm cannot be remedied through monetary damages after the conclusion of this litigation.

C. The Continuing Nature of ICAONAs' Conduct Confirms the Reality of Future Harm

Following the FMJD Ethics Committee Decision of October 1, 2025, ICAONAs continued to maintain the same position. Rudnitsky was excluded from the 2025 U.S. Championship. At present, ICAONA has once again published regulations for the 2026 U.S. Championship that limit participation exclusively to ICAONA members. In Rudnitsky's view, this creates a real and immediate risk of repeating the very circumstances that resulted in his exclusion from the 2025 U.S. Championship. (Exhibit #121).  Accordingly, the threat of future harm is not speculative, but is supported by concrete actions undertaken by ICAONAs and continuing through the present day.

D. Monetary Damages Are Not an Adequate Remedy

The harm suffered by Rudnitsky is not limited to financial loss. It is impossible to place a monetary value on the lost opportunity to compete, represent the U.S. on the international stage, for sporting titles, and qualify through FMJD international competition cycles.

15

Moreover, Rudnitsky is seventy-eight years old. The opportunity to compete at the highest international level is inherently time-limited.   Each lost competitive season, each missed competition, and each lost qualification cycle constitute losses that cannot be restored through monetary compensation after the conclusion of this case.

The Supreme Court has emphasized that a PI exists precisely to prevent such harm before a final decision on the merits can be rendered. *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 22 (2008).  Rudnitsky has demonstrated the existence of real, ongoing, and irreparable harm, fully satisfying the second element required for the issuance of a PI.

## VI. THE BALANCE OF HARMS STRONGLY FAVORS RUDNITSKY

The balance of hardships weighs decisively in Rudnitsky's favor.  In considering a motion for PI, the Court must weigh the harm that Rudnitsky will suffer if relief is denied against the potential harm that ICAONA may suffer if such relief is granted. See *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 24 (2008).

In this case, this factor strongly supports the issuance of a PI.  As demonstrated above, absent injunctive relief, Rudnitsky risks losing the opportunity to participate in the 2026 World Blitz Championship, the 2026 U.S. Championship, the 2026 World Veterans Championship, and the related FMJD qualification cycles. Rudnitsky continues to suffer reputational harm arising from restrictions placed upon his right to represent the U.S. in international competition. Such harm is substantial, ongoing, and irreparable.  The requested relief will not cause ICAONA any harm.

Rudnitsky does not seek monetary damages, the transfer of property, changes to ICAONA's governance structure, or a determination of liability on the merits of this case. The requested PI is intended only to preserve the status quo pending the Court's final resolution of the dispute.

Moreover, Rudnitsky's participation in the 2026 U.S. Championship will not only fail to harm ICAONA but will also generate additional revenue for the organization. Under the published

16

regulations for the 2026 U.S. Championship, each participant must pay a tournament entry fee of $120 and a membership fee of $120. Pursuant to the FMJD Executive Board's guidance (Exhibits ##021, 023), Rudnitsky, consistent with common international sporting practice, may pay a licensing (administrative) fee for independent players instead of membership dues, in the same amount of $120. Accordingly, Rudnitsky's participation in the competition will generate an additional $240 in revenue for ICAONA.

Furthermore, granting the requested relief will not require ICAONA to admit an unqualified player into competition. Rudnitsky is a five-time U.S. Champion, a two-time World Veterans Champion. His participation serves the tournament's sporting interests.

Conversely, denial of a PI would create a substantial risk that Rudnitsky will lose yet another competitive season, additional international competitions, and further qualification opportunities that can never be restored after this litigation concludes.

Accordingly, any administrative or organizational inconvenience to ICAONA is minimal and vastly outweighed by the substantial and irreparable harm that Rudnitsky continues to suffer. The balance of hardships decisively favors Rudnitsky and fully supports the issuance of a PI.

**VII. THE REQUESTED INJUNCTION SERVES THE PUBLIC INTEREST**

The requested PI serves the public interest. In considering a motion for PI, federal courts must consider the impact of the requested relief upon the public interest. See *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). In this case, the public interest supports issuing a PI for several reasons.

First, the public interest favors ensuring fair and non-discriminatory access to official athletic competitions. Sporting results should be determined by athletic merit, not by membership or non-membership in a private organization. Granting the requested relief will promote the principles of equal access and fair sporting competition.

Second, the public interest favors compliance with and enforcement of decisions issued by competent sporting authorities.  The FMJD Executive Board, the FMJD Ethics Committee, the new FMJD leadership, and the FMJD General Secretary have consistently confirmed Rudnitsky's rights and the absence of any valid restriction upon his competing. Granting the requested relief will promote compliance with those decisions and help preserve the integrity of international sports.

Third, the public interest is served when the U.S. is represented in international competition by its strongest athletes. Rudnitsky is a five-time U.S. Champion, a two-time World Veterans Champion, and one of the most accomplished active players in the U.S. Restricting his participation in official competitions for reasons unrelated to athletic performance is contrary to the interests of sports development and the proper representation of the U.S. on the international stage.

Fourth, the public interest favors protecting citizens' fundamental right to seek judicial relief. The record contains evidence that Rudnitsky's participation in the 2025 U.S. Championship was conditioned upon his withdrawal of this federal lawsuit. Society has a strong interest in ensuring that individuals may seek judicial protection of their rights without fear of losing professional, athletic, or other opportunities. See *NAACP v. Button*, 371 U.S. 415, 429–30 (1963).

Finally, the issuance of a PI will help preserve the status quo pending final resolution of this action. It will reduce additional disputes concerning Rudnitsky's participation in competitions and qualification cycles.  The public interest strongly favors granting the requested relief.

### VIII. SCOPE OF REQUESTED PRELIMINARY INJUNCTION

Rudnitsky respectfully requests that the Court issue a PI, effective until final resolution of this action on the merits, and order ICAONA, together with its officers, directors, representatives, agents, and all persons acting in concert with ICAONA or on its behalf, to:

1.     Refrain from enforcing against Rudnitsky the suspension decision dated June 3, 2025, or any other restriction based in whole or in part upon that suspension.

2.      Refrain from submitting to FMJD, tournament organizers, or any other persons any statements, notices, objections, recommendations, or communications intended to exclude Rudnitsky from FMJD competitions or to restrict his participation in such competitions based on the June 3, 2025, suspension.

3.      Refrain from interfering with Rudnitsky's registration and participation in FMJD competitions, including the 2026 World Blitz Championship, the 2026 U.S. Championship, the 2026 World Veterans Championship, and any other FMJD competitions, on the same terms and conditions applicable to other players representing the U.S.

4.      Refrain from objecting to Rudnitsky's registration as a player representing the U.S. and from taking any action intended to deprive Rudnitsky of the right to compete under the flag of the U.S. in FMJD competitions.

5.      Refrain from denying Rudnitsky's participation in the U.S. Championship or related qualification procedures solely because he is not a member of ICAONA or because of a suspension that was declared invalid by the FMJD Ethics Committee Decision of October 1, 2025.

6.      Refrain from engaging in any other conduct that has the purpose or effect of restricting Rudnitsky's participation in FMJD competitions based on the June 3, 2025, suspension pending final resolution of this action.

**VIII-A. SECURITY UNDER RULE 65(c)**

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the Court may require the posting of security (bond) in connection with the issuance of a PI.  Rudnitsky respectfully requests that the Court waive any bond requirement or require only a nominal bond.

19

This case does not involve a commercial dispute, a claim for monetary recovery, or any significant risk of financial loss to ICAONA. The requested PI is directed solely to preventing ongoing irreparable harm and preserving the status quo pending the final resolution of the case.

Moreover, the requested relief will not deprive ICAONA of any property rights or interfere with its ordinary operations. To the contrary, Rudnitsky's participation in competitions will generate additional registration and administrative fees for ICAONA.  Rudnitsky submits that no bond should be required or that any bond should be set in a minimal nominal amount.

## IX. CONCLUSION

For more than a year, Rudnitsky has consistently sought protection of his rights through the procedures established by the governing bodies of the sport. The FMJD Executive Board, the FMJD Ethics Committee, the new FMJD leadership, and the FMJD General Secretary have repeatedly confirmed the absence of any valid suspension affecting Rudnitsky and his right to participate in FMJD competitions. Nevertheless, ICAONA continues to engage in conduct that restricts Rudnitsky's participation in competitions and causes ongoing and irreparable harm.

As demonstrated above, Rudnitsky has established: (1) a substantial likelihood of success on the merits; (2) the existence of real and continuing irreparable harm; (3) that the balance of hardships weighs decisively in his favor; and (4) that the requested relief serves the public interest.

Accordingly, Rudnitsky respectfully requests that the Court grant this Motion for PI Order.

Rudnitsky further respectfully requests that the Court schedule a hearing on this Motion at the earliest date convenient to the Court.

Respectfully submitted,

Dated: June 28, 2026                                      Respectfully submitted,

                                                              By: _/s/ *George Lambert*__

George Lambert, Esq.
Fl Bar 1022697
The Lambert Law Firm Prof. Corp.
323 Sunny Isles Boulevard
Suite 700
Sunny Isles Beach, FL 33160
(305) 938-0600
Fax: (800) 852-1950
Email: office.law.323@gmail.com
*Counsel for Plaintiff,*
*Alexander Rudnitsky*

21

## CERTIFICATE OF SERVICE.

The undersigned certifies that the preceding was served on the attorneys of Defendants as follows:

Ray Garcia, Esq.
Email: RGarcia@raygarcialaw.com
Law Office of Ray Garcia, P.A.
Attorney for Defendants
14850 SW 26th Street, Suite 204
Miami, Florida 33185

Dated: June 28, 2026

*/signed George Lambert/*